```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DONALD COLEMAN for the use and
benefit of Ace American Insurance
Company, a Pennsylvania corporation,

                Plaintiff,

vs.                              Case No. 2:12-cv-53-FtM-29DNF

AQUA TOY STORE, INC., a Florida
corporation,

                Defendant.
_____

## ORDER

    This matter comes before the Court on review of defendant's Status Report (Doc. #11) filed on January 14, 2013, in response to the Court's January 7, 2013, Order (Doc. #10) taking defendant's Unopposed Motion to Transfer Venue (Doc. #9) under advisement and directing defendant to notify the Court whether the stay was due to be lifted. In response, defendant indicates that the Chapter 7 case has been fully administered and closed and this case may be reopened. The Court will lift the stay and consider the motion for transfer herein.

    Ace American Insurance Company, a Pennsylvania corporation, is the real party in interest and subrogated to the rights of Donald Coleman. (Doc. #1, ¶¶ 6-7.) Aqua Toy Store, Inc. (Aqua or defendant), a Florida corporation with its principal place of business in Pompano Beach, Florida, sold a vessel to Donald Coleman (Coleman). (Id., ¶¶ 8, 9.) Defendant seeks to transfer venue of

the case to the Fort Lauderdale Division of the Southern District of Florida because defendant does not have its principal place of business in the Middle District and "only a minor part of the events giving rise to the claim" occurred in the Middle District. (Doc. #9, ¶ 7.)  Defendant argues that a substantial part of the events or omissions occurred in Broward County, Florida, where the work orders were generated and where the work was performed.  Defendant argues that only the sinking occurred in the Middle District of Florida. Alternatively, defendant argues that venue is proper but should be transferred for the convenience of the parties.  The motion is not opposed.

It is clear that the Southern District of Florida is also a District where the case could have been brought, and the parties have consented to a transfer to that District.  Therefore, the Court will grant the motion and transfer the case.

Accordingly, it is now

**ORDERED**:

1.  The stay is **lifted**.

2.  Defendant's Unopposed Motion to Transfer Venue (Doc. #9) is **GRANTED** and the case is transferred to the Fort Lauderdale Division of the Southern District of Florida for all further proceedings.  The Clerk shall terminate all deadlines, transfer the contents of the file to that District and Division, and close the Fort Myers case.

3. Defendant shall answer or otherwise respond to the Complaint within **TWENTY-ONE (21) DAYS** of this Order, unless otherwise directed by the transferee court.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of January, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Clerk, S.D. Fla
Counsel of record